**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>CHRISTMAS TREE SHOPS, LLC,[1]<br><br>Debtor. | Chapter 7<br><br>Case No. 23-10576 (TMH) |
| GEORGE L. MILLER, in his capacity as Chapter 7 Trustee of CHRISTMAS TREE SHOPS, LLC, *et. al.*,<br><br>Plaintiff,<br><br>vs.<br><br>DRM WASTE MANAGEMENT CORPORATION,<br><br>Defendant. | Adv. No. 25-50843 (TMH) |

**ANSWER TO COMPLAINT TO AVOID TRANSFERS
PURSUANT TO 11 U.S.C. §§ 547 AND 550**

DRM Waste Management Corporation ("Defendant"), by and through its attorneys, as and for its answer (the "Answer") to the complaint, dated May 5, 2025 (the "Complaint")[2] in the above captioned adversary proceeding, states as follows:

**BACKGROUND**

1. With respect to the allegations contained in paragraph 1 of the Complaint, the statutes referenced therein speak for themselves and, to the extent that paragraph 1 alleges or implies that Defendant's conduct violated such statutes, that allegation is denied.

---

[1] The Debtors in these chapter 7 cases and the last four digits of each of the Debtor's U.S. tax identification number are as follows: Christmas Tree Shops, LLC (1207), Handil, LLC (1150), Handil Holdings, LLC (2891), Salkovitz Family Trust 2, LLC (8773), and Nantucket Distributing Co., LLC (1640).

[2] Any capitalized term not specifically defined herein shall take the meaning ascribed to it in the Complaint.

2. With respect to the allegations contained in paragraph 2 of the Complaint, the statutes referenced therein speak for themselves and, to the extent that paragraph 2 alleges or implies that Defendant's conduct violated such statutes, that allegation is denied.

## THE PARTIES

3. No admission or denial is required as to paragraph 3 of the Complaint as it does not contain any allegations against the Defendant.

4. With respect to the allegations contained in paragraph 4 of the Complaint, Defendant admits all allegations contained in paragraph 4 of the Complaint.

## JURISDICTION AND VENUE

5. With respect to the allegations contained in paragraph 5 of the Complaint, Defendant reserves the right to object to the Court's jurisdiction over the above captioned adversary proceeding.

6. With respect to the allegations contained in paragraph 6 of the Complaint, Defendant denies that this matter is a core proceeding.

7. With respect to the allegations contained in paragraph 7 of the Complaint, Defendant does not consent to the entry of final orders or judgment by the Bankruptcy Court.

8. With respect to the allegations contained in paragraph 8 of the Complaint, Defendant admits that venue is proper in the District of Delaware.

## BASIS FOR RELIEF REQUESTED

9. No admission or denial is required as to paragraph 9 of the Complaint as it does not contain any allegations against the Defendant.

**FACTS**

10. No admission or denial is required as to paragraph 10 of the Complaint as it does not contain any allegations against the Defendant.

11. No admission or denial is required as to paragraph 11 of the Complaint as it does not contain any allegations against the Defendant.

12. With respect to the allegations contained in paragraph 12 of the Complaint, Defendant states that the document referenced in paragraph 12 of the Complaint speaks for itself, to the extent a response is necessary, Defendant denies knowledge of information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint.

13. With respect to the allegations contained in paragraph 13 of the Complaint, Defendant states that the document referenced in paragraph 13 of the Complaint speaks for itself, to the extent a response is necessary, Defendant denies sufficient knowledge of information to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint. Any remaining allegations are denied.

14. With respect to the allegations contained in paragraph 14 of the Complaint, the statutes referenced therein speak for themselves and, to the extent that paragraph 14 alleges or implies that Defendant's conduct violated such statutes, denies that the Defendant received any transfers that can be avoided and to the extent that it did receive transfers within the 90 days prior to the Petition Date each of the transfers it received are protected from avoidance by one or more of the defenses contained in Bankruptcy Code section 547(c).

**FIRST CLAIM FOR RELIEF**
**(Avoidance of Preferential Transfers – 11 U.S.C. § 547)**

15. With respect to paragraph 15 of the Complaint, Defendant repeats and realleges paragraphs 1 through 14 above as though fully set forth herein.

16. With respect to the allegations contained in paragraph 16 of the Complaint, Defendant states that the document referenced in paragraph 16 of the Complaint speaks for itself, to the extent a response is necessary, denies that the Defendant received any transfers that can be avoided and to the extent that it did receive transfers within the 90 days prior to the Petition Date each of the transfers it received are protected from avoidance by one or more of the defenses contained in Bankruptcy Code section 547(c).

17. With respect to the allegations contained in paragraph 17 of the Complaint, Defendant denies knowledge of information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Complaint.

18. With respect to the allegations contained in paragraph 18 of the Complaint, Defendant denies knowledge of information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Complaint.

19. With respect to the allegations contained in paragraph 19 of the Complaint, Defendant admits it was a creditor of the Debtor at the time of the Transfers, but denies the remaining allegations contained in paragraph 19 of the Complaint.

20. With respect to the allegations contained in paragraph 20 of the Complaint, Defendant admits the Transfers were made on account of an antecedent debt.

21. With respect to the allegations contained in paragraph 21 of the Complaint, Defendant states that the statute referenced in paragraph 21 of the Complaint speaks for itself, to the extent a response is necessary, Defendant denies knowledge of information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Complaint.

22. With respect to the allegations contained in paragraph 22 of the Complaint, Defendant denies knowledge of information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Complaint.

23. With respect to the allegations contained in paragraph 23 of the Complaint, Defendant denies knowledge of information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the Complaint.

24. With respect to the allegations contained in paragraph 24 of the Complaint, Defendant denies the allegations and legal conclusions contained in paragraph 24 of the Complaint.

**SECOND CLAIM FOR RELIEF**
**(For Recovery of Property – 11 U.S.C. § 550)**

25. With respect to paragraph 25 of the Complaint, Defendant repeats and realleges paragraphs 1 through 24 above as though fully set forth herein.

26. With respect to the allegations contained in paragraph 26 of the Complaint, Defendant states that the statute referenced in paragraph 26 of the Complaint speaks for itself, to the extent a response is necessary, Defendant denies knowledge of information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of the Complaint.

27. With respect to the allegations contained in paragraph 27 of the Complaint, Defendant denies the allegations and legal conclusions contained in paragraph 27 of the Complaint.

28. Defendant denies that Plaintiff is entitled to any of the relief demanded in the WHEREFORE clause of the Complaint and each of its subparagraphs (a-c).

29. Denies each and every other allegation contained in the Complaint not specifically addressed herein.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

30. Repeats and realleges paragraphs 1 through 29 above as though fully set forth herein.

31. The Complaint fails to state a claim upon which relief may be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

32. Repeats and realleges paragraphs 1 through 31 above as though fully set forth herein.

33. Although each of the Transfers made by the Debtor to Defendant were prepayments for goods subsequently shipped to the Debtor by Defendant, to the extent that any of the Transfers were not prepayments, some or all of the Transfers were intended by Defendant and the Debtor to be contemporaneous exchanges for new value given to the Debtor and were, in fact, substantially contemporaneous exchanges.

34. Accordingly, the Transfers cannot be avoided pursuant to Section 547(c)(1) of the United States Bankruptcy Code (the "Bankruptcy Code").

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

35. Repeats and realleges paragraphs 1 through 34 above as though fully set forth herein.

36. Although each of the Transfers made by the Debtor to Defendant were prepayments for goods subsequently shipped to the Debtor by Defendant, to the extent that any of the Transfers were not prepayments, the Transfers were in payment of a debt incurred by the Debtor in the ordinary course of business or financial affairs of the Debtor and Defendant and were made in the ordinary course of business or financial affairs of the Debtor and Defendant.

37. The Transfers were in payment of a debt incurred by the Debtor in the ordinary course of business or financial affairs of the Debtor and Defendant and were made according to ordinary business terms.

38. Accordingly, the Transfers cannot be avoided pursuant to Section 547(c)(2) of the Bankruptcy Code.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

39. Repeats and realleges paragraphs 1 through 38 above as though fully set forth herein.

40. Although each of the Transfers made by the Debtor to Defendant were prepayments for goods subsequently shipped to the Debtor by Defendant, to the extent that any of the Transfers were not prepayments, after each of the Transfers, Defendant gave new value to or for the benefit of the Debtor (the "New Value").

41. The New Value was not secured by an otherwise unavoidable security interest, and the Debtor did not make an otherwise unavoidable transfer to or for the benefit of Defendant on account of the New Value.

42. Accordingly, the Transfers cannot be avoided pursuant to Section 547(c)(4) of the Bankruptcy Code.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

43. Repeats and realleges paragraphs 1 through 42 above as though fully set forth herein.

44. The claims asserted in the Complaint are subject to any right of setoff or offset that Defendant may have.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

45. Repeats and realleges paragraphs 1 through 44 above as though fully set forth herein.

46. Defendant reserves the right to raise additional defenses and to amend and/or to supplement those asserted herein upon further analysis and discovery of relevant information.

## PRESERVATION OF RIGHT TO JURY TRIAL

47. Defendant reserves the right to demand a trial by jury.

## RESERVATION OF RIGHTS

48. Pursuant to Local Rule 7012-1, Defendant does not consent to the entry of final orders or judgments by the Court if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

**WHEREFORE**, Defendant respectfully requests that this Court issue an order: (i) dismissing the Complaint in its entirety, (ii) denying, in its entirety, the relief sought in the Complaint, (iii) granting judgment in favor of the Defendant against Plaintiff for the costs, fees and expenses incurred by the Defendant with respect to the Complaint, and (iv) granting such other and further relief as this Court deems just and proper.

Dated: June 13, 2025

**ESBROOK, P.C.**

*/s/ Scott J. Leonhardt*
Scott J. Leonhardt
1000 N. West Street, Suite 1200
Wilmington, DE 19801
Telephone: (302) 308-8174
Email: scott.leonhardt@esbrook.com

- and -

**HODGSON RUSS LLP**

James C. Thoman, Esq.

The Guaranty Building
140 Pearl Street, Suite 100
Buffalo, New York  14202
Telephone:  (716) 856-4000
Facsimile:  (716) 849-0349
Email:  jthoman@hodgsonruss.com

*Counsel for DRM Waste Management Corporation*

9